UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ROBERT FLANDERS                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 4:19-CV-P3-JHM

CORRECT CARE SOLUTIONS, LLC, et al.                                          DEFENDANTS

## MEMORANDUM OPINION

*Pro se* Plaintiff Robert Flanders filed this civil action in state court. Defendants Correct Care Solutions, LLC, and Dr. Lester Lewis removed the action to this Court. Because Plaintiff is a prisoner suing government officials, the Court must screen the complaint pursuant to 28 U.S.C. 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff is a prisoner at the Green River Correctional Complex (GRCC). He states that after a stroke in 2006 he lost all hearing in his right ear except for a non-stop, loud ringing. In 2013, he was put on the pain medication Baclofen, which worked for him. He states that when Defendant Lewis took the place of the prior doctor at GRCC he discontinued the Baclofen and that since then Plaintiff has had numbing and tingling pain every night and sometimes throughout the day. He states that the only medication that Defendant Lewis instructed the nurse practitioner to give to him was nortriptyline, which Plaintiff states "was of no use or help" to him.

Plaintiff also alleges that Defendant Lewis denied his request for a "masking device" for his tinnitus. He states:

> The Correct Care Solutions does not have a tinnitus retraining therapy center which is why Doctor Lester Lewis is so possative this will not work for [Plaintiff]. But in

my case this is not what I asked for. [Plaintiff] asked for a masking device which are small electronic devices that use sound to make tinnitus less noticeable, or seem softer, 'according to the response letter [Plaintiff] received from the C.D.C. centers for disease control[.]"

Plaintiff asks for declaratory relief, injunctive relief, and monetary and punitive damages.

Plaintiff attaches a number of documents to his complaint. One of these documents is a Kentucky Department of Corrections note dated December 6, 2012, regarding "hearing loss/tinnitus." That note stated, "Please inform the pt that all efforts have been exhausted from medical's end and that his condition is permanent."

Also included in those attachments is a medical progress note by Defendant Lewis dated June 13, 2018. That note stated that Plaintiff gave Defendant Lewis:

> A news clip . . . for the sound therapy recommendation. Also complains of needed his muscle relaxer and how it solved all of his complaints. I explained that this was for short term therapy and his dependence on the medication was a problem and further evidence that alternative treatment is needed. He does not want any other muscle relaxer and will not accept any short term use of Baclofen to address his problems in order to get through particularly bad times.

That note continued in the "assessments" portion, "Tinnitis, dependence on Baclofen (at least psychological dependence)," and in the "Treatment" portion it noted, "[r]eview literature on management of tinnitus, try to further assess muscuskeletal complaint. Will present case to TLOC for disposition."

Plaintiff also attaches a response from Defendant Lewis dated June 11, 2018, to a grievance from Plaintiff. In that response, Defendant Lewis states that Plaintiff's "determination of Baclofen as the answer to all of his issues, is not consistent with the efficacy of the medication." He states that Baclofen is "used on a short term basis for acute injuries or for exacerbations of chronic conditions during difficult times but not a medication to take for years.

I was not responsible for starting him and cannot account for the use of the medication for years by other providers." He further states:

> I cannot attest to effectiveness of any Tinnitus retraining therapy provided by any Center due to variability of the center protocols. The dependency on Baclofen is not an appropriate therapeutic approach and this individual is so focused on a specific therapy that he will not accept any discussion to the contrary.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Federal-law claims

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly

under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and units of government. *Id*. at 499. In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "'deliberate indifference to serious medical needs.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "'acted or failed to act despite his knowledge of a substantial risk of serious harm'" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir.

4

1996). Thus, a difference in medical judgment between an inmate and prison medical personnel regarding the appropriate diagnosis or treatment is not enough to state a deliberate-indifference claim. *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). As the Supreme Court stated: "the question whether . . . additional . . . forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. at 107.

Based on Plaintiff's own assertions in the complaint and the attachments thereto, Plaintiff received medical treatment for his complaints, *i.e.*, he was seen by a doctor and prescribed nortriptyline. Plaintiff contends that the treatment he received is insufficient. However, disagreements over the adequacy of treatment do not rise to the level of an Eighth Amendment deliberate-indifference claim. *Westlake v. Lucas*, 537 F.2d at 860 n.5. Prisoners are not entitled to "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). While Plaintiff may disagree with the treatment offered because he believes that he requires Baclofen and sound therapy, such disagreement does not amount to a constitutional claim.

***B. State-law claims***

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, by separate Order this action will be dismissed.

Date: April 15, 2019

cc: Plaintiff, *pro se*
Defendants
4414.009

Joseph H. McKinley Jr., District Judge
United States District Court

5